**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA A. SIMS, as personal representative of the Estate of Sandy Howard Sims, <br><br>        Plaintiff-Appellant, <br><br> v. <br><br> STEVEN ELLIS, in his official capacity as the Director of the Idaho State office of the US Bureau of Land Management; MIKE POOL, in his official capacity as the Acting Director of the US Bureau of Land Management; SALLY JEWELL, in her official capacity as the Secretary of the US Department of the Interior, <br><br>        Defendants-Appellees. | No.   14-35151 <br><br> D.C. No. 1:12-cv-00505-EJL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted August 31, 2016
Seattle, Washington

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS, McKEOWN, and DAVIS,[**] Circuit Judges.

Barbara Sims, on behalf of the estate of Sandy Sims, seeks an order from the district court to the Bureau of Land Management and the Department of the Interior (collectively the "agency") to issue patent on seven mill site claims associated with the Democrat Mine in Idaho. Because rights to a patent do not vest until a validity determination is completed, the district court did not have discretion to issue the requested order under the Mandamus and Venue Act, 28 U.S.C. § 1361, or the Administrative Procedure Act, 5 U.S.C. § 706. We therefore affirm the district court's denial of the requested relief.

Sims's argument that rights to a patent vest upon the submission of an application and the payment of fees is squarely foreclosed by this court's precedents. *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1068 (9th Cir. 2007) ("Thus, 'no rights [in a patent claim] vest before the Secretary has decided whether to contest the patent claim.'" (alteration in original) (quoting *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 508 (9th Cir. 1997))).

Because Sims had no vested right to a patent prior to a validity determination by the agency, there was no "plainly prescribed" ministerial duty

---

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

that the district court could have ordered the agency to perform. *Or. Nat. Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995). Sims seeks a determination of patent validity, and that determination remains within the province of the agency. The district court therefore lacked the authority to order the agency to issue the patent. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004) ("[A] court can compel the agency to act, but has no power to specify what the action must be.").

We also reject Sims's alternative arguments that the pending contest proceeding in the agency is barred by Section 322(c) of the Omnibus Consolidated Rescissions and Appropriations Act of 1996 ("Appropriations Act"), Pub. L. No. 104-134, 110 Stat. 1321; the statute of limitations at 28 U.S.C. § 2462; or by principles of equitable estoppel or laches. The timeline for processing grandfathered patents under the Appropriations Act is not an enforceable deadline. Likewise, the five-year statute of limitations is inapplicable because it only applies where there has been a fine, penalty, or forfeiture. Sims has no vested right to the patent which could be forfeited. Finally, equitable relief is not available because "we have long held that affirmative government misconduct must be proven against the government [in order to assert equitable estoppel]." *United States v. Harvey*, 661 F.2d 767, 773-74 (9th Cir. 1981); *see also United States v. Cappaert*,

3

508 F.2d 313, 319 (9th Cir. 1974) ("[Government] officers who have no authority at all to dispose of Government property cannot b[y] their conduct cause the Government to lose its valuable rights by their acquiescence, laches, or failure to act." (quoting *United States v. California*, 332 U.S. 19, 40 (1947))).  The district court did not abuse its discretion in finding that there was no bad faith in the lengthy delay.

    **AFFIRMED.**